(27 Misc. Rep. 118.)

## In re FIDELITY TRUST CO. OF NEWARK.

(Supreme Court, Special Term, New York County. April 13, 1899.)

1. INSANE PERSONS—DOMICILE—CHANGE—LUNACY PROCEEDINGS—EFFECT.
   Where no committee was appointed for an incompetent in lunacy proceedings, an inquisition declaring her incompetent is not conclusive against her ability to choose another domicile.

2. SAME—FOREIGN JUDGMENT—RES JUDICATA.
   Where the court, in a jurisdiction to which an incompetent removed, determined that she had ability to choose a domicile there, and appointed a committee for her, such determination is conclusive on the incompetent's next of kin.

3. SAME—FOREIGN COMMITTEE OF PROPERTY—APPOINTMENT.
   Where an incompetent removed to another state after being declared such, and a committee was appointed for her there, a foreign committee of her property in New York may be properly appointed, as authorized by Code Civ. Proc. § 2326.

Motion by the Fidelity Trust Company of Newark for its appointment as the committee of the property of Mary B. McDermot, an incompetent person, within the state.

C. Walter Artz, for the motion.

George W. Elkins and James M. Hunt, opposed.

GIEGERICH, J. The Fidelity Trust Company of Newark was appointed committee of the person and estate of the incompetent, Mary B. McDermot, by decree of the orphans' court of Essex county, N. J.,—a court having jurisdiction to make such appointments in general. The incompetent's next of kin, Mrs. Jennie E. Mead, consented to the entry of the decree, but now seeks her own appointment as committee, and opposes the trust company's motion for ancillary appointment in this state upon the ground that the incompetency of said Mary B. McDermot had been declared in the course of proceedings in this court prior to the date of such incompetent's removal to New Jersey, and that, being then incompetent, she could acquire no residence in that state; hence, that the foreign court had no jurisdiction. It is true that Mary B. McDermot was declared an incompetent person on the return of an inquisition in lunacy upon a commission issued by this court; but no appointment of a com-

mittee was made in those proceedings, and the effect of the inquisition was not to preclude absolutely any exercise of an intention of a change of residence of the incompetent, since the ability to choose a domicile still remains a question of fact, notwithstanding the inquisition (Holyoke v. Haskins, 5 Pick. 20; Talbot v. Chamberlain, 149 Mass. 57, 20 N. E. 305; 10 Am. & Eng. Enc. Law [2d Ed.] p. 35, and cases cited in note); and there is no question here of a conflict of jurisdiction, for the jurisdiction of this court over the person and property of incompetent persons (Code Civ. Proc. §§ 2320, 2321), which is exercised only by means of a committee duly appointed (Id. § 2322), has never been asserted in this case.

As to the fact of Mary B. McDermot's ability to choose a domicile in New Jersey, upon which the jurisdiction of the foreign court might be said to depend, that court has determined the fact, and the next of kin, Mrs. Mead, is concluded from disputing it. It appears, also, from the papers, that the incompetent person had sufficient understanding for the purpose; and I find no sufficient reason for holding that her interests would require an examination into the fact aliunde, in view of the circumstances disclosed.

The case is one for the appointment of the foreign committee as committee of the property of the incompetent within this state (Code Civ. Proc. § 2326), and the application is therefore granted. A bond in the sum of $10,000 for the faithful discharge of its trust is required.

Application of next of kin denied. No costs. Settle order on notice.